UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2025-CR-14036-Middlebrooks/Maynard
26 U.S.C. § 7206(2)
18 U.S.C. § 1015(a)

UNITED STATES OF AMERICA

vs.

WISLET METAYER,

Defendant.
_______________________________/

FILED BY SW D.C.
Jun 26, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

INDICTMENT

The Grand Jury charges that:

GENERAL ALLEGATIONS

At all times relevant to this indictment:

1. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for enforcing and administering the tax laws of the United States of America and collecting taxes owed to the United States.

2. The IRS Form 1040 was the standard form that individuals used to file their annual federal income tax returns. This form contained sections that required taxpayers to disclose their income for the year in order to ascertain whether the taxpayer was due a tax refund or whether the taxpayer owed additional taxes. The form and accompanying schedules allowed taxpayers to report any itemized deductions or losses which would reduce their taxable income and to report any credits to which they were entitled.

3. Itemized deductions were expenses that were allowed by law and were subtracted from adjusted gross income in arriving at taxable income. A taxpayer was allowed the greater of the standard deduction or itemized deductions.

4. An income tax credit was a sum directly subtracted from a taxpayer's tax due and owing. A refundable credit could be included in the taxpayer's refund if the taxpayer had no tax due and owing.

5. An individual could take an itemized deduction for medical and dental expenses ("medical expenses") exceeding 7.5% of the individual's adjusted gross income. The deduction was taken on Schedule A to the taxpayer's Federal tax return.

6. An individual who owned certain types of small businesses reported the business's income and expenses on Schedule C to the taxpayer's personal Federal tax return. If the business suffered a net loss for the year, the taxpayer's income was reduced by the amount of the loss.

7. The General Business Credit was a collection of credits available to businesses in various circumstances. The credit was claimed on Form 3800.

8. The Credit for Federal Tax Paid on Fuels was available to taxpayers who used gasoline in certain qualifying manners, including for off-road business use. The credit was claimed on Form 4136.

9. Residential Energy Credits were available to taxpayers who made qualifying energy saving improvements to their homes. The credits were claimed on Form 5695.

10. For tax years 2020 and 2021, the Families First Coronavirus Response Act made a tax credit available to qualifying self-employed individuals who lost earnings for certain reasons

related to COVID-19, including if the taxpayer was sick with COVID-19 or the taxpayer had to care for a child who was sick with COVID-19. The credit was claimed on Form 7202.

11. The Qualified Electric Vehicle Credit was available to taxpayers who placed in service fully electric, plug-in vehicles before 2007. Some taxpayers who were entitled to the credit but unable to use it before 2007 could carry the credit forward to subsequent tax years. The credit was claimed on Form 8834.

12. The Alternative Motor Vehicle Credit was a tax credit for individuals who purchased fuel cell vehicles. The credit expired and was not available for vehicles purchased after 2021, although it was available in tax year 2022 for vehicles previously purchased if the taxpayer took delivery of the vehicle in 2022. The credit was claimed on Form 8910.

13. The defendant, **WISLET METAYER**, was a citizen and national of Haiti. He was a lawful permanent resident of the United States. He was a resident of St. Lucie County and a professional tax preparer.

**<u>COUNTS 1-50</u>**
**Aiding and Assisting the Preparation of False Tax Returns**
**26 U.S.C. § 7206(2)**

14. The general allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

15. On or about the date specified as to each count below, in St. Lucie County, in the Southern District of Florida, and elsewhere, the defendant,

**WISLET METAYER,**

did knowingly and willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a United States Individual Income Tax Return for the tax year and taxpayer specified below, which was false and fraudulent as to a material matter, in

that it falsely represented that the taxpayer had experienced the business loss or was entitled to receive the deduction or credit specified below, whereas, as the defendant then and there well knew, the taxpayer had not experienced the business loss or was not entitled to receive the deduction or credit. The defendant's false and fraudulent representations resulted in losses of tax revenue in the approximate amount specified as to each count.

| Count | Approximate Date Return Filed | Tax Year | Taxpayer(s) | False and Fraudulent Representation | Approximate Loss |
|---|---|---|---|---|---|
| 1 | 1/28/2020 | 2019 | SB | Business loss | $7,229 |
| 2 | 2/8/2020 | 2019 | SPG | Residential energy credit | $2,473 |
| 3 | 2/15/2020 | 2019 | TS | Residential energy credit | $2,713 |
| 4 | 2/19/2020 | 2019 | GB | Medical expenses deduction | $3,511 |
| 5 | 2/22/2020 | 2019 | LP | Medical expenses deduction<br>Residential energy credit | $3,307 |
| 6 | 2/24/2020 | 2019 | JS, VS | Alternative motor vehicle credit | $7,189 |
| 7 | 3/29/2020 | 2019 | DI | Residential energy credit | $2,233 |
| 8 | 4/1/2020 | 2019 | AJ | Medical expenses deduction<br>Residential energy credit | $5,856 |
| 9 | 2/19/2021 | 2020 | AJ | Medical expenses deduction<br>General business credit<br>Residential energy credit | $5,597 |
| 10 | 2/23/2021 | 2020 | SB | Medical expenses deduction | $2,202 |
| 11 | 2/23/2021 | 2020 | JS, VS | Medical expenses deduction<br>General business credit<br>Residential energy credit | $4,142 |

| Count | Approximate Date Return Filed | Tax Year | Taxpayer(s) | False and Fraudulent Representation | Approximate Loss |
|---|---|---|---|---|---|
| 12 | 2/25/2021 | 2020 | TS | Medical expenses deduction<br>Residential energy credit | $2,380 |
| 13 | 3/3/2021 | 2020 | GB | Medical expenses deduction | $4,548 |
| 14 | 3/9/2021 | 2020 | DI | Medical expenses deduction | $963 |
| 15 | 3/9/2021 | 2020 | JI | Medical expenses deduction<br>Federal fuel credit | $961 |
| 16 | 3/13/2021 | 2020 | SPG | General business credit<br>Coronavirus credit | $2,098 |
| 17 | 3/23/2021 | 2020 | LP | Medical expenses deduction | $841 |
| 18 | 4/13/2021 | 2020 | ID | Medical expenses deduction<br>General business credit<br>Federal fuel credit | $6,127 |
| 19 | 1/25/2022 | 2021 | SB | Business loss<br>Medical expenses deduction<br>Coronavirus credit | $10,275 |
| 20 | 2/11/2022 | 2021 | TB | Medical expenses deduction<br>General business credit<br>Coronavirus credit | $12,951 |
| 21 | 2/17/2022 | 2021 | TS | Medical expenses deduction<br>Business loss<br>General business credit<br>Coronavirus credit | $8,329 |
| 22 | 2/24/2022 | 2021 | AJ | Medical expenses deduction<br>Business loss<br>General business credit<br>Coronavirus credit | $12,779 |

| Count | Approximate Date Return Filed | Tax Year | Taxpayer(s) | False and Fraudulent Representation | Approximate Loss |
|---|---|---|---|---|---|
| 23 | 3/7/2022 | 2021 | JS, VS | Medical expenses deduction<br>Business loss<br>Residential energy credit<br>Coronavirus credit | $7,148 |
| 24 | 3/8/2022 | 2021 | JS, SS | Medical expenses deduction | $1,068 |
| 25 | 3/12/2022 | 2021 | GB | Medical expenses deduction<br>Coronavirus credit | $14,005 |
| 26 | 3/16/2022 | 2021 | DI | Medical expenses deduction<br>Coronavirus credit | $1,600 |
| 27 | 3/16/2022 | 2021 | JI | Medical expenses deduction<br>Coronavirus credit | $897 |
| 28 | 4/5/2022 | 2021 | LP | Medical expenses deduction<br>General business credit<br>Coronavirus credit | $12,111 |
| 29 | 4/8/2022 | 2021 | SPG | Medical expenses deduction<br>Coronavirus credit | $6,244 |
| 30 | 4/14/2022 | 2021 | ID | Medical expenses deduction<br>Business loss<br>General business credit<br>Coronavirus credit | $16,793 |
| 31 | 4/14/2022 | 2021 | MM | Medical expenses deduction<br>Coronavirus credit | $16,651 |
| 32 | 1/23/2023 | 2022 | SB | Medical expenses deduction<br>Business loss | $4,519 |
| 33 | 1/26/2023 | 2022 | TB | Business loss | $2,346 |
| 34 | 1/31/2023 | 2022 | MM | Residential energy credit | $6,264 |

| Count | Approximate Date Return Filed | Tax Year | Taxpayer(s) | False and Fraudulent Representation | Approximate Loss |
|---|---|---|---|---|---|
| 35 | 2/8/2023 | 2022 | AJ | Medical expenses deduction<br>Residential energy credit | $6,832 |
| 36 | 2/11/2023 | 2022 | GB | Medical expenses deduction | $9,676 |
| 37 | 2/11/2023 | 2022 | SPG | Medical expenses deduction<br>Residential energy credit | $4,332 |
| 38 | 3/6/2023 | 2022 | JS, VS | Medical expenses deduction<br>Alternative motor vehicle credit | $4,213 |
| 39 | 3/14/2023 | 2022 | LP | Medical expenses deduction<br>Residential energy credit | $4,132 |
| 40 | 3/28/2023 | 2022 | ID | Medical expenses deduction<br>Residential energy credit<br>Alternative motor vehicle credit | $16,392 |
| 41 | 3/29/2023 | 2022 | DI | Medical expenses deduction<br>Residential energy credit | $1,796 |
| 42 | 4/12/2023 | 2022 | TS | Medical expenses deduction<br>General business credit | $5,666 |
| 43 | 2/12/2024 | 2023 | JS, SS | Medical expenses deduction | $966 |
| 44 | 2/21/2024 | 2023 | AJ | Medical expenses deduction<br>Residential energy credit | $4,529 |
| 45 | 2/21/2024 | 2023 | SPG | Medical expenses deduction<br>General business credit | $7,312 |
| 46 | 3/6/2024 | 2023 | ID | Medical expenses deduction<br>Business loss | $6,620 |
| 47 | 4/6/2024 | 2023 | LP | Medical expenses deduction | $944 |
| 48 | 2/18/2025 | 2024 | JS, VS | Business loss | $8,529 |

| Count | Approximate Date Return Filed | Tax Year | Taxpayer(s) | False and Fraudulent Representation | Approximate Loss |
|---|---|---|---|---|---|
| 49 | 3/10/2025 | 2024 | DI | Medical expenses deduction<br>Business loss | $1,324 |
| 50 | 3/10/2025 | 2024 | MM | Electric vehicle credit | $4,325 |
| | | | | | $285,938 |

In violation of Title 26, United States Code, Section 7206(2).

**COUNT 51**
**False Statement Related to Naturalization**
**18 U.S.C. § 1015(a)**

16. Paragraph 13 of the general allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

17. On or about March 29, 2024, in Broward County, in the Southern District of Florida, the defendant,

**WISLET METAYER,**

did knowingly make a false statement under oath, in a case, proceeding, and matter relating to, under, and by virtue of a law of the United States relating to naturalization and citizenship, in that the defendant represented to the United States Citizenship and Immigration Services on his N-400 Application for Naturalization that he had never committed, assisted in committing, or attempted to commit a crime or offense for which he was not arrested, when in truth and in fact, as the defendant then and there well knew, he had committed, assisted in committing, and attempted to

commit crimes and offenses for which he was not arrested, in violation of Title 18, United States Code, Section 1015(a).

A TRUE BILL

FOREPERSON

for

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

WISLET METAYER

______________________________/

CASE NO.: 2025-CR-14036-Middlebrooks/Maynard

## CERTIFICATE OF TRIAL ATTORNEY

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami ☐ Key West ☑ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: ________________
4. This case will take 5 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | (Check only one) |
|---|---|---|
| I | ☑ 0 to 5 days | ☐ Petty |
| II | ☐ 6 to 10 days | ☐ Minor |
| III | ☐ 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ 21 to 60 days | ☑ Felony |
| V | ☐ 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge ________________ Case No. ________________
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge ________________ Magistrate Case No. ________________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ________________ Case No. ________________
9. Defendant(s) in federal custody as of ________________
10. Defendant(s) in state custody as of ________________
11. Rule 20 from the __________ District of ____________
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: *Marc Osborne* (signature)
Marc Osborne
Assistant United States Attorney
SDFL Court ID No. A5500796

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: WISLET METAYER

**Case No**: 2025-CR-14036-Middlebrooks/Maynard

Count #: 1-51

Aiding and Assisting the Preparation of False Tax Returns

26 U.S.C. § 7206(2)

* **Max. Term of Imprisonment:** 3 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $250,000
* **Special Assessment**: $100

Count #: 52

False Statement Related to Naturalization

18 U.S.C. § 1015(a)

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment**: $100

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**